Debtor(s): **Layonda Kashet Foster**            Case Number: _____

United States Bankruptcy Court for the **WESTERN DISTRICT OF LOUISIANA**

# Chapter 13 Plan – Western District of Louisiana

☐ Check here if this is a modified plan.

☐ Check here if this is an amended plan.

List below the sections that have been changed.

Reason for Amendment/Modification

**Part 1:** Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | The plan sets out Nonstandard Provisions in Part 9. | ■ Included | ☐ Not Included |
| 1.2 | This Plan limits the amount of Secured Claims in 3.1 and/or 3.2 based on a Valuation of the Collateral for the claim. | ■ Included | ☐ Not Included |
| 1.3 | This Plan avoids a Security Interest or Lien in Section 3.4. | ☐ Included | ■ Not Included |
| 1.4 | This Plan cures or maintains a loan secured by the Debtor's Principal Residence in 3.1. | ☐ Included | ■ Not Included |
| 1.5 | This Plan provides for the treatment of a Domestic Support Obligation in 4.3 and/or 4.4. | ☐ Included | ■ Not Included |
| 1.6 | This plan includes a claim that was either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value in 3.3. | ■ Included | ☐ Not Included |

**Part 2:** Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments for a total of 60 months to the trustee as follows:**

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

■ **Original Plans.** $**460.00** per **Month** for **60** months, and
   $_____ per _____ for _____ months.
   $_____ per _____ for _____ months.

☐ **Modified Plans.** $____ has been paid in for the first ____ months; then
   $_____ per _____ for _____ months, and

| Debtor(s): | **Layonda Kashet Foster** | Case Number: |
|---|---|---|

$_____ per _____ for _____ months.
$_____ per _____ for _____ months.

**Check one:** The applicable commitment period is:   36 months (Below Median Income)  ■

   60 months (Above Median Income)  ☐

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

Debtor(s) will make payments pursuant to a payroll deduction unless otherwise excused by the Chapter 13 Trustee or the Bankruptcy Court.

**Income tax refunds.** During the pendency of this case debtor(s) shall file both Federal and State Income Tax Returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon filing of each annual return.

Debtor(s) will pledge income tax refunds as follows:

> **The debtor pledges federal and state tax refunds as required by the confirmation order and any and all other applicable orders and rulings issued by the Court.**

**2.3 Additional Payments. (In addition to 2.1 above)**
*Check one.*

☐ **None.** *If "none" is checked, the rest of § 2.3 need not be completed or reproduced.*

■ Debtor(s) pledge 50 percent (or until all allowed unsecured claims are paid in full) of the net recovery from all causes of action, liquidated or unliquidated, unless otherwise ordered by the Court after a notice and a hearing. In all cases in which the debtor has acquired/acquires a pre-petition or post-petition cause of action, the employment and compensation of special counsel, and the compromise of any claim, shall be approved by the Bankruptcy Court pursuant to 11 U.S.C. §§ 327-329, and the filing of such pleading shall be noticed on all parties.

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, including the sale of property, as specified below. Describe the source, amount, and date of each anticipated payment.

**Part 3:   Treatment of Secured Claims**

**3.1 A. Maintenance of payments and cure of default of <u>Principal Residence</u> under 1322(b)(3), including post-petition default payments, if any**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**B. Maintenance of payments and cure of default <u>other than</u> Principal Residence under 1322(b)(3), including post-petition default payments, if any.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective <u>only</u> in the applicable box in Part 1 of this plan is checked.*

■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to

| | | | | | | |
|---|---|---|---|---|---|---|
| Debtor(s): | **Layonda Kashet Foster** | | | Case Number: | | |

that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's total Claim | Collateral Description | Value of Collateral | Amount of Secured Claim | Interest Rate | Estimated avg. monthly payment to creditor |
|---|---|---|---|---|---|---|
| **Holmes European Motors** | **$2,415.46** | **2007 Mercedes Benz GL450 100000 miles** | **$7,415.46** | **$2,415.46** | **5%** | **$45.58** |
| **TitleMax Title Pawns** | **$5,000.00** | **2007 Mercedes Benz GL450 100000 miles** | **$7,415.46** | **$5,000.00** | **5%** | **$94.36** |

**3.3 Secured claims excluded from 11 U.S.C. § 506. (11 U.S.C. §1325(a) - 910 day Car Claim or 365 day Personal Property)**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked. (1.6)*

■ The claims listed below were either: (1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral Description | Amount of Claim | Interest Rate | Estimated avg. monthly plan payment |
|---|---|---|---|---|
| **United Auto Credit** | **2009 Mercedes Benz E350 96000 miles** | **$10,591.00** | **7%** | **$209.71** |

**3.4 Lien avoidance**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of Collateral**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor(s): | **Layonda Kashet Foster** | Case Number: | |
|---|---|---|---|

■ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral | Value |
|---|---|---|
| **Mid Atlantic Finance** | **2007 Chev. Tahoe 180000 miles** | **$10,335.00** |

### Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2 Administrative fees**

Counsel elects the standing order "no look" fee     ■ Yes     ☐ No

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be ten percent of plan payments.

The debtor(s) attorney is awarded a fee in the amount of $ **3,600.00** of which $ **3,600.00** is due and payable from the bankruptcy estate. Included in this amount is a fee in the amount of $ **0** for the modification. Fees are limited to the appropriate "No Look" fee amount or the allowed amount subject to a formal fee application.

**4.3 Priority claims other than attorney's fees and those treated in § 4.4.**

*Check one.*

■     **None.** *If "None" is checked, the rest of § 4.3 need not be completed or reproduced.*

**4.4 Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount**

*Check one.*

■     **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### Part 5: Treatment of Non-priority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed, unless objected to. All non-priority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of $**122,230.00**, it is anticipated unsecured creditors will be paid approximately $**11.23**, which is approximately **0.00** percent of their respective claims. However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than $**0.00**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Other separately classified nonpriority unsecured claims.**

*Check one.*

■     **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### Part 6: Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

| Debtor(s): | **Layonda Kashet Foster** | Case Number: | |
|---|---|---|---|

**6.1** The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| **Part 7:** | **Vesting of Property of the Estate** |
|---|---|

**7.1** Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.

| **Part 8:** | **Other Plan Provisions** |
|---|---|

**8.1 Adequate Protection Payments:**

**Debtor(s) shall pay adequate protections payments and/or lease payments as scheduled below to the trustee. If the case is dismissed pre-confirmation the trustee shall disburse these adequate protection payments to the creditor, one for each plan payment received while the case was pending.**

| Creditor | Adequate Protection Payment |
|---|---|
| **United Auto Credit** | **$88.00** |
| **TitleMax Title Pawns** | **$41.00** |

**8.2 Changed Circumstances.**

**Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements. These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.**

| **Part 9:** | **Nonstandard Plan Provisions** |
|---|---|

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the* Official Chapter 13 Plan Form for the Western District of Louisiana *or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.1.

**First Payment Due February 18, 2019**

**$250.00 For labor and expenses due to mailings of the certificate of service.**

| **Part 10:** | **Signatures** |
|---|---|

| **/s/ Sam Henry IV** | Date: | **January 18, 2019** |
|---|---|---|
| **Sam Henry IV 19620** | | |
| Signature of Attorney for Debtor(s) | | |

| **/s/ Layonda Kashet Foster** | Date: | **January 18, 2019** |
|---|---|---|
| **Layonda Kashet Foster** | | |
| Debtor | | |
| | Date: | |
| Joint Debtor | | |

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**